**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4972**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

DARRELL COPELAND,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior
District Judge.  (6:05-cr-00701-GRA-1)

Submitted:  June 4, 2014              Decided:  June 18, 2014

Before NIEMEYER and KING, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  Elizabeth Jean Howard, Assistant
United States Attorney, Greenville, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell Copeland appeals the district court's judgment revoking his supervised release and sentencing him to fourteen months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the sentence imposed is plainly unreasonable. We affirm.

Copeland admitted the four charged violations of supervised release, so the district court's decision to revoke his release is not in question. Because Copeland did not object to the district court's explanation of sentencing at the revocation hearing, our review of the sentence is for plain error. United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). To establish plain error, Copeland must show that the district court clearly erred and the error affected his substantial rights. Id. If he meets this burden, we will recognize the error only if it seriously affects the fairness, integrity or reputation of the judiciary. Id.

We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory range and not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). In deciding whether a sentence is plainly unreasonable, "we first decide whether the

sentence is unreasonable . . . follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438. But we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted).

A revocation sentence is procedurally reasonable if the district court properly calculates the U.S. Sentencing Guidelines Manual Chapter Seven advisory policy statement range and explains the sentence adequately, after considering the policy statements and applicable 18 U.S.C. § 3553(a) (2012) factors. 18 U.S.C. § 3583(e) (2012); Crudup, 461 F.3d at 439. A revocation sentence is substantively reasonable if the district court states a proper basis for the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440. Only if we find a sentence unreasonable must we decide if it is plainly so. Moulden, 478 F.3d at 657.

The record establishes that the district court considered the 18 U.S.C. § 3553(a) factors applicable to sentencing upon revocation of supervised release and provided an adequate explanation of its sentencing determination, and thus the revocation sentence is procedurally reasonable. The court also considered Copeland's individual circumstances in imposing

3

a revocation sentence that exceeded neither the policy statement range nor the statutory maximum. Thus, the revocation sentence is substantively reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Copeland, in writing, of the right to petition the Supreme Court of the United States for further review. If Copeland requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Copeland.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>